IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TY INC.,<br><br>                    Plaintiff,<br>      v.<br><br>TARGET CORPORATION<br><br>                    Defendant. | Civil Action No.:<br><br>Judge:<br><br>Magistrate Judge: |

## COMPLAINT AND DEMAND FOR JURY

Plaintiff, Ty Inc. ("Ty"), for its Complaint states as follows:

### JURISDICTION AND VENUE

1.      This is an action for trademark infringement, unfair competition and dilution

brought under the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and for common law unfair competition

under the laws of the State of Illinois.  Jurisdiction is predicated upon 28 U.S.C. §§ 1331,

1338(a) and (b).  Venue is proper under 28 U.S.C. § 1391(b) and (c).

### THE PARTIES

2.      Ty is a Delaware corporation with its principal place of business in Westmont,

Illinois.  Ty is a leading manufacturer of plush toys, as more fully set forth below.

3.      Defendant Target Corporation ("Target") is a Minnesota corporation with its

principal place of business in Minneapolis, Minnesota.  Target operates a chain of retail discount

stores throughout the United States, including stores in this District.  Upon information and

belief after a reasonable opportunity for further investigation and/or discovery, there is likely to

be evidentiary support that Target advertises and sells merchandise, including plush toys, in a

manner that infringes and dilutes Ty's trademarks and constitutes unfair competition, as more fully set forth below.

4.      Upon information and belief after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that Target has used Ty's registered trademarks in an infringing and diluting manner in this District.

## STATEMENT OF FACTS

### Ty's Registered BEANIES® Mark and its BEANIE Family of Marks

5.      In approximately November of 1993, Ty began creating and selling original plush toys called BEANIE BABIES. Since that time, Ty has expanded its product line to include a wide variety of plush toys, sold under a variety of BEANIE marks.  In connection therewith, Ty owns, among other marks, United States Trademark Registrations for the famous marks BEANIES®, Reg. No. 3,451,670; BEANIE BABIES®, Reg. No. 2,049,196; BEANIE BUDDIES®, Reg. No. 2,687,703; BEANIE KIDS®, Reg. No. 3,322,049; BEANIE BOPPERS®, Reg. No. 2,765,600, BOW WOW BEANIES®, Reg. No. 3,206,991; HALLOWEENIE BEANIES®, Reg. No. 2,250,152; JINGLE BEANIES®, Reg. No. 2,255,891; and BASKET BEANIES®, Reg. No. 3,073,540, all in class 28 in connection with, among other things, plush toys. Copies of the Registration Certificates for these marks are attached as Exhibit A. Hereinafter, these marks are referred to collectively as the "BEANIE Family of Marks."

6.      Ty also owns common law trademark rights in connection with its BEANIE Family of Marks.

7.      Ty's Beanie Family of Marks are distinctive and have acquired strong secondary meaning with the consuming public.  They are recognized by members of the consuming public of all ages as an indicator of high quality products from a single source.

2

8.      Ty has established and follows strict quality control procedures for all of its products sold in connection with its Beanie Family of Marks.

**Defendants' Tortious Acts**

9.      Upon information and belief after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that Target is using Ty's BEANIE trademark in advertising, promoting, marketing, distributing, offering for sale, and/or selling, in this District and throughout the United States, plush toys that are not manufactured or sold by Ty.

10.      Target's advertisement and sale of non-Ty products in connection Ty's BEANIE trademark creates a likelihood of confusion as to the source, affiliation, or sponsorship of the non-Ty products advertised and sold by Target.

11.      Upon information and belief after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that Target's conduct as described herein has diminished and will continue to diminish the value of Ty's Beanie Family of Marks.

12.      In a letter dated September 22, 2009, (attached hereto as Exhibit B), counsel for Ty demanded that Target cease and desist its use of Ty's BEANIE trademark in connection with the advertisement and sale of non-Ty plush toys in the manner described herein.  Target never responded to Ty's letter.

13.      Target is not licensed by Ty, and at all relevant times was not authorized by Ty to use Ty's BEANIE trademark in connection with the advertisement and sale of non-Ty plush toys.

14.      Upon information and belief after a reasonable opportunity for further investigation and/or discovery, there is likely to be evidentiary support that Target's infringement

and dilution of Ty's trademarks and its unfair competition has been willful and deliberate and will continue to Ty's irreparable harm unless enjoined by this Court.

## COUNT I
## Trademark Infringement and False Designation of Origin

15.    Paragraphs 1-14 are incorporated herein by reference.

16.    Target has, and upon information and belief, intends to continue to, willfully, knowingly, and intentionally violate Ty's rights under 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a) by its use of Ty's BEANIE trademark in connection with the advertisement and sale of plush toys that are not manufactured by Ty.

17.    By reason of Target's acts as alleged above, Ty has suffered and continues to suffer damage and injury to its business, reputation and goodwill, and will sustain serious loss of revenues and profits in an indeterminate amount.

18.    Unless enjoined by this Court, Ty will continue to do the acts complained of herein all to the irreparable harm of Ty.  Ty has no adequate remedy at law.

## COUNT II
## Unfair Competition and Deceptive Trade Practices

19.    Paragraphs 1-18 are incorporated herein by reference.

20.    Target has, and on information and belief intends to continue to, willfully engage in unfair competition and deceptive trade practices under federal law and the common law of the State of Illinois by its use of Ty's BEANIE trademark in connection with the advertisement and sale of plush toys that are not manufactured by Ty.

21.     By reason of Target's acts as alleged above, Ty has suffered and will continue to suffer damage and injury to its business, reputation and good will and will sustain serious loss of revenues and profits in an indeterminate amount.

22.     Unless enjoined by this Court, Target will continue to do the acts complained of herein all to the irreparable harm of Ty.  Ty has no adequate remedy at law.

## COUNT III

## Violation of the Federal Dilution Statute

23.     Paragraphs 1-22 are incorporated herein by reference.

24.     The Beanie Family of Marks have achieved a phenomenal level of consumer recognition in all areas of the United States and abroad.  The BEANIE Family of Marks became famous throughout the United States prior to Target's use of the BEANIE mark.

25.     Target's use of Ty's trademark or marks confusingly similar thereto in connection with plush toys not manufactured or sold by Ty and in the advertising and marketing thereof has caused and will continue to cause dilution of the distinctive quality of Ty's famous trademarks.

26.     Target has, and on information and belief intends to continue to, willfully engage in conduct that knowingly and intentionally violates Ty's rights under 15 U.S.C. § 1125(c) by its unauthorized use of Ty's trademarks in such a way as to cause dilution of the distinctive quality of Ty's famous trademarks and to trade on Ty's reputation and goodwill.

27.     Unless enjoined by this Court, Target will continue to do the acts complained of herein all to the immediate and irreparable harm of Ty.  Ty has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

A.    Declare that Target has infringed Ty's Registered and Common Law Trademarks, has engaged in unfair competition and deceptive trade practices, and has diluted the distinctive nature of Ty's famous trademarks.

B.    Order that, pursuant to 15 U.S.C. § 1116, Target and all its employees, servants, agents, distributors and persons in active concert with it be enjoined, temporarily during the pendency of this action and permanently thereafter, from using Ty's Registered and Common Law Marks, or marks confusingly similar thereto, or otherwise infringing or diluting Ty's trademarks and other proprietary rights, in connection with the advertisement, promotion, sale and/or offer for sale of any non-Ty products.

C.    Award Plaintiff, pursuant to 15 U.S.C. § 1117, monetary relief in an amount to be fixed by the Court in its discretion as just, including:

(1)    All profits received by Target from sales and revenues of any kind made as a result of its infringing actions;

(2)    All damages sustained by Plaintiff as a result of Target's acts of infringement, and that such damages be trebled; and

(3)    Interest, costs and attorneys' fees.

D.    Award Plaintiff such other and further relief as this Court deems just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury of all counts and claims triable to a jury.

Dated:  October 9, 2009                    Respectfully submitted,

                                           /s/ James P. White_____
                                           James P. White, Esq.
                                           Laurie A. Haynie, Esq.
                                           MyLynda J. Moore, Esq.
                                           HUSCH BLACKWELL SANDERS LLP
                                           WELSH & KATZ
                                           120 S. Riverside Plaza • 22nd Floor
                                           Chicago, IL  60606
                                           (312) 655-1500

                                           Counsel for Plaintiff
                                           Ty Inc.